Filed 8/17/15; pub. order 9/15/15 (see end of opn.)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| TIMOTHY GRACE et al., | |
| Plaintiffs and Appellants, | G049590 |
| v. | (Super. Ct. No. 30-2012-00578999) |
| LEVIK MANSOURIAN et al., | O P I N I O N |
| Defendants and Respondents. | |

Appeal from an order of the Superior Court of Orange County, David T. McEachen, Judge. Affirmed in part and reversed and remanded in part.

Lallande Law, M. Lawrence Lallande, Karina N. Lallande; and Steven B. Stevens for Plaintiffs and Appellants.

Law Office of Steven D. Levine, F. Lee Christensen; Pollak, Vida & Fisher, Scott J. Vida and Daniel P. Barer for Defendants and Respondents.

\*                \*                \*

After plaintiff Timothy Grace (plaintiff), and his wife, Michelle Blair (Michelle; collectively plaintiffs), prevailed on their personal injury action against defendants Levik Mansourian (defendant) and his mother, Satina Mansourian (collectively defendants), plaintiffs filed a motion seeking to recover costs of proof under Code of Civil Procedure section 2033.420 (all further statutory references are to this code unless otherwise stated) based on defendants' failure to admit certain requests for admissions.  Plaintiffs appeal from the trial court's denial of the motion, arguing abuse of discretion.  We conclude defendants had no reasonable basis to deny liability or plaintiff's ankle injury and certain treatment for it.  Therefore we reverse and remand for the court to determine the reasonable amount to be awarded plaintiffs for their costs of proving these issues.  The order is otherwise affirmed.

## FACTS AND PROCEDURAL HISTORY

While driving into an intersection, defendant hit a car driven by plaintiff.[1] Defendant told the traffic collision investigator, Linda Villelli (Villelli), that when he entered the intersection the light was yellow and he believed he could make it through before the light turned red.  An eyewitness, Kathryn Napoli (Napoli), told Villelli defendant ran the red light.  A few weeks after the accident, defendants' insurance company recorded an interview with Napoli who said defendant ran the red light.

Plaintiffs subsequently filed a personal injury action, alleging defendant hit plaintiff after running a red light.  According to the complaint, plaintiff suffered injury to his ankle, back, and neck.  Plaintiffs alleged plaintiff continues to have pain and will require treatment, and sought general and property damages, medical expenses, loss of use of property and earning capacity, wage loss, and loss of consortium.

Plaintiffs served requests for admissions (requests) on defendants seeking admissions on negligence, causation, and damages.  Plaintiffs asked defendants to admit

---

[1] Defendant Satina Mansourian owned the car defendant was driving.

defendant failed to stop at the red light and that the failure was negligent, the actual and legal cause of the accident, and a "substantial factor" causing both the accident and plaintiffs' damages, which included pain, suffering and emotional distress. Defendants were also asked to admit plaintiff was not negligent.

Further, plaintiffs asked defendants to admit that, as a result of the accident, plaintiff was injured and needed medical treatment. Plaintiffs also sought admissions that all treatment was a result of the accident, that all treatment was necessary and within the standard of care, and that all medical bills were reasonable. Finally, plaintiffs asked defendants to admit plaintiff lost earnings as a result of the accident. Defendants denied all of these requests.[2]

Defendants retained a medical expert, Robert Baird, M.D., who examined plaintiff and his medical records. He agreed plaintiff fractured his ankle in two places as a result of the accident and the ankle surgery was necessary. In his opinion, plaintiff would have no future problems with his ankle and would not require additional surgery in the future, contrary to the diagnosis of one of plaintiff's doctors. Although Baird agreed plaintiff had suffered a strain or sprain of his neck and back, he disagreed any other neck and back pain were a result of the accident. He did not believe plaintiff's back surgery was necessitated by the accident, and further opined the charges for plaintiff's neck and back surgery were too high.

Defendants filed two supplemental responses to the requests, one on the eve of trial, which repeated all of the past denials.

To prepare for trial, plaintiffs deposed defendant, plaintiff, Villelli, and Napoli as to the issue of liability. Plaintiffs also retained and deposed an accident reconstruction expert.

---

[2] Defendants did admit requests about the ownership and the identity of the drivers of the two vehicles involved in the accident.

As to causation and damages, plaintiffs deposed three medical experts, an ankle specialist and two spine specialists. Baird's deposition was also taken.

Prior to jury selection and empanelment the parties stipulated to plaintiff's medical bills. A copy of the stipulation is not included in the record and it is not clear from the transcript who generated the bills and the amounts of the bills to which the parties agreed. The parties also stipulated to the amount of plaintiff's lost earnings for the one and a half weeks he was out of work following the accident and for the one week he was off following his ankle surgery.

At trial, plaintiffs called defendant, Napoli, and Villelli on the issue of liability, all of whom testified defendant ran the red light. Napoli testified that when she told Villelli defendant ran the red light, defendant asked, "'I ran the red light?'" She replied, "'Yes you did.'" Defendant did not say anything in reply.

The reports and exhibits prepared by the accident reconstruction expert showing defendant was at fault were used at trial.

Defendants did not offer any expert testimony as to liability nor any evidence on that issue other than defendant's testimony. Defendant testified that as he was approaching the intersection the light was green. As he got closer to the intersection the light turned yellow. Plaintiffs introduced testimony from defendant's deposition that he originally stated he was looking at the road. He later amended his testimony to say he was focused on both the road and the signal.

In the opening statement, defendants' lawyer stated the issue of liability was based on credibility. A witness "said that she saw [defendant] run the red light and, if that's it, that's it. [¶] [Defendant] believes, in his mind, that the light was yellow and he went through it and that's his testimony. [¶] Now, we could sit there and say, well, there is a witness that said it was red, so just change your testimony, but he's not going to do that. His testimony is he believes he had the yellow light. [¶] If that was a mistake on

4

his part, then that's a mistake on his part, but that's what he believes. He's not going to testify differently."

The jury found defendant was negligent, awarding plaintiff just over $410,000, including approximately $147,000 for medical expenses, not quite $9,000 for lost earnings, and $255,000 for pain and suffering. It also awarded Michelle $30,000 for loss of consortium.

Plaintiffs then filed a motion to recover expenses incurred in proving the facts defendants denied, seeking an award of almost $170,000 in attorney fees and just over $29,000 in costs. They argued defendants did not have a reasonable basis for denying the requests.

The court denied the motion, concluding defendants did have a reasonable basis to deny the requests. As to negligence, the court found denial was proper because defendant reasonably believed he could prevail based on his memory he did not run a red light.

As to causation, although defendants should have admitted plaintiff suffered injury to his ankle, based on Baird's opinion and testimony it was reasonable for them to deny the extent of plaintiff's claimed injuries and the necessity of all of his medical treatment. On that basis, it was also reasonable to deny treatment was within the standard of care. In addition, defendants "for the most part" stipulated to medical damages and lost wages.

Finally, denial of the amount of damages was based on the same rationale as denial of causation. Because defendants believed plaintiff's medical treatment other than for his ankle was not caused by the accident, amounts spent for other treatment were excessive and unreasonable. Further, since defendant did not believe he caused the accident, it was reasonable to deny the amount of damages.

5

## DISCUSSION

*1. Applicable Law*

### *a. Purpose of Requests for Admissions*

"'Requests for admissions . . . are primarily aimed at setting at rest a triable issue so that it will not have to be tried. . . . For this reason, the fact that the request is for the admission of a controversial matter, or one involving complex facts, or calls for an opinion, is of no moment. If the litigant is able to make the admission, the time for making it is during discovery procedures, and not at the trial.' [Citation.]" (*Bloxham v. Saldinger* (2014) 228 Cal.App.4th 729, 752; see § 2033.010.) In addition, a request may ask a party for a legal conclusion. (§ 2033.010; *Garcia v. Hyster Co.* (1994) 28 Cal.App.4th 724, 733, 735 [request may seek admission party was negligent and negligence was legal cause of damages].)

"'[S]ince requests for admissions are not limited to matters within personal knowledge of the responding party, that party has a duty to make a reasonable investigation of the facts before answering items which do not fall within his personal knowledge. [Citations.]'" (*Wimberly v. Derby Cycle Corp.* (1997) 56 Cal.App.4th 618, 634.)

### *b. Award for Failure to Admit Requests for Admissions*

When a party propounds requests for admission of the truth of certain facts and the responding party denies the requests, if the propounding party proves the truth of those facts at trial, he or she may seek an award of the reasonable costs and attorney fees incurred in proving those facts. (§ 2033.420, subd. (a).) The court is required to award those costs and fees unless it finds the party who denied the requests "had reasonable ground to believe [he or she] would prevail on the matter" or "[t]here was other good reason for the failure to admit." (§ 2033.420, subd. (b)(3), (4).) The court's

6

determination of whether costs of proof should be awarded is reviewed for abuse of discretion. (*Laabs v. City of Victorville* (2008) 163 Cal.App.4th 1242, 1275-1276.)

"In evaluating whether a 'good reason' exists for denying a request to admit, 'a court may properly consider whether at the time the denial was made the party making the denial held a reasonably entertained good faith belief that the party would prevail on the issue at trial.' [Citation.]" (*Laabs v. City of Victorville*, *supra*, 163 Cal.App.4th at p. 1276.)

Plaintiffs must show they spent the amounts claimed to prove the issues defendants should have admitted. (§ 2033.420, subd. (a); *Garcia v Hyster Co*., *supra*, 28 Cal.App.4th at p. 737 [declaration setting out attorney's hourly fees and costs of proof required].) The requested amounts must be segregated from costs and fees expended to prove other issues. (See *Wimberly v. Derby Cycle Corp.*, *supra*, 56 Cal.App.4th at p. 638; *Brooks v. American Broadcasting Co.* (1986) 179 Cal.App.3d 500, 512.)

Costs of proof are recoverable only where the moving party actually proves the matters that are the subject of the requests. (§ 2033.420, subd. (a).) This means evidence must be introduced. (See Evid. Code, § 190 [definition of proof];Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2015) ¶ 8:1405.3, p. 8G-35.) Further, those amounts cannot be awarded if the parties stipulated to facts, even if the responding party had previously denied them. (*Stull v. Sparrow* (2001) 92 Cal.App.4th 860, 867-868; *Wagy v. Brown* (1994) 24 Cal.App.4th 1, 6 ["Expenses are recoverable only where the party requesting the admission 'proves . . . the truth of that matter,' not where that party merely prepares to do so"].) The purpose of requests for admissions is to expedite trial and a stipulation achieves that goal. (*Stull v. Sparrow*, at p. 867.)

7

*2. Defendants' Denial of the Requests*

        *a. Liability*

Defendants denied requests defendant failed to stop at the red light, that this conduct was negligent, and that it was the actual and legal cause of the accident. Defendants relied on defendant's belief he had entered the intersection on a yellow light. In denying plaintiffs' motion the trial court ruled the denial was proper because defendants reasonably thought they could prevail based on defendant's belief about the color of the light when he entered the intersection. Defendants argue that belief was sufficient to support their denial and the court's finding. We disagree.

There was substantial contrary evidence supporting liability. This included plaintiff's testimony defendant ran the red light, the police report, which found defendant was at fault, Napoli's statement defendant ran the red light,[3] and plaintiffs' accident reconstruction expert who opined defendant was at fault. Moreover, defendants did not designate an expert nor did they depose plaintiffs' expert.

In light of all of this evidence, defendant's belief, however firmly held, was not reasonable. The question is not whether defendant reasonably believed he did not run the red light but whether he reasonably believed he would prevail on that issue at trial. In light of the substantial evidence defendant ran the red light, it was not reasonable for him to believe he would. We do not quarrel with the general proposition defendants cite that the testimony of even one credible witness can be substantial evidence. But, again, that is not the issue.

---

[3] Defendants note Napoli's statement was unsworn and not admitted into evidence. That is not the point. What matters is that defendants knew of the contents of the statement at the time they denied the requests. Likewise, that the police report is hearsay is of no moment. The issue is the extent of defendants' knowledge of the substantial evidence he ran the red light, and, but for his perception, the lack of evidence supporting his position.

In *Wimberly v. Derby Cycle Corp*, *supra*, 56 Cal.App.4th 618, the trial court denied the plaintiff's motion for costs of proof. The court of appeal reversed, ruling that at the time the defendant denied the requests regarding a product defect and causation, it had no reasonable basis to believe it could prevail on those issues at trial. (*Id.* at p. 638.) It failed to designate its own expert and should have known it would be unable to use certain deposition testimony of the plaintiff's expert. In short, the defendant produced no evidence to support its position. This was not a sufficient basis to deny the requests.

The trial court here distinguished *Wimberly,* noting defendants did offer evidence as to liability, i.e., defendant's testimony. Thus, it held *Wimberly* did not apply. Defendants, too, take issue with *Wimberly*, arguing they should not be required to present expert testimony to substantiate defendant's version of the accident to avoid being liable for costs of proof.

But neither *Wimberly* nor any other case the parties cited absolutely require expert testimony. Nevertheless defendants did have a duty to investigate. (See *Bloxham v. Saldinger*, *supra*, 228 Cal.App.4th at p. 752 [cost of proof award proper when responding party who fails to investigate denies requests for lack of information and belief].) And the mere fact defendants presented evidence at trial is not an automatic justification for denial of the requests. Rather, the issue is whether, in light of that evidence, defendants could reasonably believe they would prevail.

In *Brooks v. American Broadcasting Co*., *supra*, 179 Cal.App.3d 500, in a vehicle accident case, the police report determined the plaintiff's truck had been over the centerline. The trial court awarded costs of proof after finding the plaintiff unreasonably denied he was over the centerline. The court relied on the fact the plaintiff's lawyer did not speak to the officers who completed the report because he "'assumed'" the report was ambiguous. (*Id.* at p. 512.) Moreover, plaintiff did not contest that issue during trial.

9

The trial court here distinguished *Brooks* because here there was no physical evidence showing defendant ran the red light. Further, plaintiffs did not prove defendants failed to depose Napoli.

Defendants argue that in *Brooks* the physical evidence contradicted the driver's perception of what had occurred and the plaintiff failed to investigate. They conclude that in the case before us, the evidence was merely defendant's view of what occurred versus Napoli's.

But that does not take into account all of the evidence, which includes not only Napoli's perception but the police report and the expert's opinion. Moreover, in neither *Brooks* nor *Wimberly* does the court state the factors it relied on are exclusive and conclusive. In fact, in *Brooks* the court explicitly stated it had not "attempted to absolutely define and limit the factors which may properly be considered" (*Brooks v. American Broadcasting Co*., *supra*, 179 Cal.App.3d at p. 511) but had merely "set forth general rules and guidelines which should be considered" (*ibid*.) when a party is responding to requests and a court is exercising its discretion in ruling on a motion for costs of proof.

Defendants contend a party's "mere refusal to concede an issue" and requiring the opposing party to prove it should not be a sufficient basis for a costs of proof award. The statute states otherwise. Obviously, a defendant "cannot be forced to admit the fact prior to trial despite its obvious truth. [Citation.]" (*Smith v. Circle P Ranch Co.* (1978) 87 Cal.App.3d 267, 273.) But the failure to do so comes with consequences, exposure to a costs of proof award.

The purpose of requests for admissions is to expedite trial by "setting at rest a triable issue so that it will not have to be tried." (*Cembrook v. Superior Court* (1961) 56 Cal.2d 423, 429; *Bloxham v. Saldinger*, *supra*, 228 Cal.App.4th at p. 752.) If there

10

was no reasonable basis to deny the requests, as was the case as to liability here, then that is exactly why an award is proper.

Nor are we persuaded by defendants' assertion they did not have to make a "'premature admission[]'" but could wait until trial and even after all the evidence had been admitted to concede liability. This may be correct in some circumstances but here, with the exception of the additional opinion of liability from the accident reconstruction expert, the evidence of liability did not change from the time of the accident until the conclusion of trial.

To justify denial of a request, a party must have a "*reasonable* ground" to believe he would prevail on the issue. (§ 2033.420, subd. (b)(3), italics added; see *Brooks v. American Broadcasting Co.*, *supra*, 179 Cal.App.3d at p. 511 [party must have a "reasonably entertained good faith belief" it will prevail].) That means more than a hope or a roll of the dice. In light of the substantial evidence defendant was at fault, plus defendants' apparent understanding of the weakness of their position, as evidenced in their opening statement, defendants' sole reliance on defendant's perception he entered the intersection on a yellow light was not a reasonable basis to believe they would prevail.

Thus, plaintiffs were entitled to their reasonable costs and attorney fees associated with proving liability and the court erred in denying them.

### b. Causation and Damages

Plaintiffs sought to have defendants admit the accident caused all of plaintiff's injuries. They also asked defendants to admit all treatment was necessary and all medical bills were reasonable.

The trial court found that, although defendants should have admitted plaintiff's ankle injury, defendants could rely on Baird's opinion and reasonably deny both the extent of plaintiff's injuries and the necessity of all of his medical treatment.

11

The trial court also found defendants generally stipulated to medical damages and lost wages.

In addition the trial court ruled that, other than for plaintiff's ankle, it was reasonable for defendants to deny the reasonableness of treatment and its cost. Finally, because defendants did not believe defendant had caused the accident, they reasonably could deny the amount of damages.

When he testified, Baird agreed plaintiff injured his ankle in the accident, required initial treatment, the surgery, and resulting therapy. He considered the time plaintiff took off to recover from the surgery reasonable. On the basis of their expert's opinion, defendants should have admitted these facts.

We cannot determine from the record, however, whether plaintiffs are entitled to any costs of proof based on the pretrial stipulation to plaintiff's medical bills. If the stipulation included the bills for treatment of the ankle injury listed above, plaintiffs are not entitled to an award for those amounts. (*Stull v. Sparrow*, *supra*, 92, Cal.App.4th at pp. 867-868.) If not, the trial court shall determine the amount to which they are entitled.

Further, on the basis of the stipulation, plaintiffs are not entitled to recover costs of proof of plaintiff's lost earnings for the time immediately following the accident and after the ankle surgery.

In addition, based on Baird's opinions, it was reasonable for defendants to deny the necessity of future ankle surgery, back surgery, associated costs for and treatments of plaintiff's neck, and for any future lost wages that might result from those surgeries and treatment. Thus, plaintiffs are not entitled to the costs of proof of those items.

12

## DISPOSITION

The order denying an award of costs of proof as to liability, injury to plaintiff's ankle, and the ankle surgery and associated treatment is reversed. The case is remanded for the trial court to determine the amount to which plaintiffs are entitled for proof of liability. If defendants did not stipulate to the amount of medical bills for the initial treatment of the ankle injury and the ankle surgery and follow-up treatment, the trial court shall also determine the amount to which plaintiffs are entitled to prove these issues. In all other respects the order is affirmed. The parties shall bear their own costs on appeal.

THOMPSON, J.

WE CONCUR:

ARONSON, ACTING P. J.

IKOLA, J.

13

Filed 9/15/15

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF

CALIFORNIA FOURTH APPELLATE DISTRICT

DIVISION

| | |
|---|---|
| THREE TIMOTHY GRACE et al., | |
| Plaintiffs and Appellants, | G049590 |
| v. | (Super. Ct. No. 30-2012-0057899) |
| LEVIK MANSOURIAN et al., | ORDER CERTIFYING OPINION FOR PUBLICATION |
| Defendants and Respondents. | |

      Appellants requested that our unpublished opinion, filed on August 17, 2015, be ordered published. It appears that our opinion meets the standards set forth in California Rules of Court, rule 8.1105(c). The request for publication is GRANTED.

                                                  THOMPSON, J.

WE CONCUR:

ARONSON, ACTING P. J.

IKOLA, J.