Filed 12/24/20  Fuller v. Campos CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| BERTRAM FULLER,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>YUNUEN N. CAMPOS,<br><br>    Defendant and Appellant. | B296403<br><br>(Los Angeles County<br>Super. Ct. No. YC069237) |

APPEAL from an order of the Superior Court of Los Angeles County, Ramona G. See, Judge.  Affirmed.

Magnanimo & Dean, Lauren A. Dean and Frank A. Magnanimo for Defendant and Appellant.

Holmes, Taylor, Cowan & Jones, Andrew B. Holmes and Patrick V. Chesney for Plaintiff and Respondent.

\* \* \* \* \* \*

The trial court awarded $44,242.50 in attorney fees to a party who proved at trial the truth of three requests for admission the responding party failed to admit. Because the court did not abuse its discretion in awarding these costs of proof, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

Bertram Fuller (boyfriend) and Yunuen Campos (girlfriend) dated from 2005 to 2010. "While they dated, girlfriend would ask boyfriend to borrow money. Boyfriend obliged, and made a series of interest free loans to her that, in total, came to more than $110,000, which was effectively boyfriend's 'life savings.'"

Boyfriend sued girlfriend for (1) breach of contract, (2) money lent, (3) fraudulent inducement of contract, (4) intentional misrepresentation, and (5) trespass to chattels for girlfriend's alleged "key[ing]" of boyfriend's car after he started dating another woman.

Boyfriend served girlfriend with three requests for admission (RFAs) related to the breach of contract and money lent claims: (1) "Admit that between 2005 and May 2010, YOU borrowed in excess of $100,000 from Plaintiff"; (2) "Admit that YOU have borrowed money from Plaintiff"; (3) "Admit that YOU have never repaid any of the money YOU borrowed from Plaintiff." Following boilerplate objections, girlfriend responded to each RFA with a denial.

The case proceeded to an eight-day bench trial. With only boyfriend's breach of contract and money lent claims remaining,[1]

---

[1] The trial court granted girlfriend's motion for summary adjudication of the trespass to chattels claim and midtrial motion for judgment on the fraud in the inducement and intentional misrepresentation claims.

girlfriend rested her case without calling any witnesses or presenting any evidence. The trial court found in favor of boyfriend and awarded him $111,325 in damages for the unpaid loans.

Boyfriend moved for an award of costs—namely, attorney fees—he incurred to prove at trial the existence of the loans girlfriend had denied in the RFAs. His counsel submitted a declaration stating that he (1) billed boyfriend at a discounted rate of $425 per hour, and (2) spent 104.1 hours to prove up the loans, consisting of (a) 17 hours preparing for and taking girlfriend's deposition and moving to compel her answers to certain deposition questions, (b) 16 hours preparing for and defending boyfriend's deposition, (c) 21.2 hours on third-party discovery, including opposing girlfriend's motions to quash, (d) 19.5 hours preparing evidence of the loans for trial, and (e) 30.4 hours presenting testimony and evidence of the loans at trial.

After further briefing and a hearing, the trial court granted boyfriend's motion for $44,242.50 in costs of proof because "the RFAs were directed specifically to the central issues involved in th[e] case," girlfriend had no "reasonable ground to believe the denials," and boyfriend "satisfied" his "burden" "by presenting a declaration from counsel" that sought fees tied solely to "the time spent to prove the specific matters [girlfriend] denied."

Girlfriend filed this timely appeal.

## DISCUSSION

Code of Civil Procedure section 2033.420 mandates an award of "reasonable expenses . . . including . . . attorney's fees" to a party who propounds a request for admission and ultimately proves the truth of the matter in the request after the responding

3

party denies it.[2]  (Code Civ. Proc., § 2033.420, subds. (a) & (b) [court "shall" order cost-of-proof award].)  There is good reason to impose costs on the party who fails to admit a request for admission that is later proven because the "primary purpose" of that discovery mechanism is to eliminate "triable issues" and thereby "expedit[e]" trial.  (*City of Glendale v. Marcus Cable Associates, LLC* (2015) 235 Cal.App.4th 344, 353-354; *Brooks v. Am. Broad Co.* (1986) 179 Cal.App.3d 500, 509.)  We review an appeal from an award setting the amount of costs of proof for an abuse of discretion.  (*Orange County Water Dist. v. The Arnold Engineering Co.* (2018) 31 Cal.App.5th 96, 118; see also *City of Colton v. Singletary* (2012) 206 Cal.App.4th 751, 784 (*Singletary*) [abuse of discretion when reviewing sufficiency of evidence supporting attorney fee award].)

The trial court did not abuse its discretion in awarding boyfriend all of the costs he requested in connection with proving up the loan-related RFAs.  By way of his counsel's declaration, boyfriend satisfied his burden of establishing that his costs were limited to those incurred after girlfriend served her denials of the RFAs (*Garcia v. Hyster* (1994) 28 Cal.App.4th 724, 736 (*Garcia*) [expenses incurred prior to denials not recoverable]; *Wimberly v. Derby Cycle Corp.* (1997) 56 Cal.App.4th 618, 638 [same]), and

---

[2]     The party who denied the proven request for admission may avoid this award if (1) an objection was sustained or a response waived, (2) the request was of no substantial importance, (3) the party had reasonable ground to believe that she would prevail on the matter, or (4) there was other good reason for the failure to admit.  (Code Civ. Proc., § 2033.420, subd. (b).)  Girlfriend argued the third basis in opposition to boyfriend's motion below, but has abandoned that argument on appeal.

the costs were "segregated" from those "expended to prove other issues" (*Grace v. Mansourian* (2015) 240 Cal.App.4th 523, 529 (*Grace*)). The trial court did not err—let alone abuse its discretion—in crediting counsel's explanation of the hours he devoted to proving up the three RFAs girlfriend denied. (See *Singletary*, *supra*, 206 Cal.App.4th at p. 785 [verified statements of an attorney, as an officer of the court, are entitled to credence].)

Girlfriend argues that the declaration supporting boyfriend's motion (1) was "woefully inadequate" and "conclusory," and (2) included non-compensable costs incurred on issues unrelated to the loans; these defects are so egregious, girlfriend continues, that boyfriend's motion should have been denied in its entirety. Girlfriend's arguments ignore the law and the record. To be sure, boyfriend's counsel did not accompany his declaration with itemized billing statements. But that is not what the law requires. (*Grace*, *supra*, 240 Cal.App.4th at p. 529; *Garcia*, *supra*, 28 Cal.App.4th at p. 737; see also *Chavez v. Netflix, Inc.* (2008) 162 Cal.App.4th 43, 64 [billing statements not required to support class action fee award]; *Cellphone Termination Fee Cases* (2009) 180 Cal.App.4th 1110, 1119 [same]; *Singletary*, *supra*, 206 Cal.App.4th at p. 786 ["lack of billing statements does not automatically establish that there was insufficient evidence"].) And nothing in the declaration supports girlfriend's assertion that the award lumped in costs unrelated to proving the three RFAs at issue.[3] Indeed, boyfriend's counsel

---

[3]   Girlfriend claims boyfriend conceded that 9.1 hours were not spent to prove the RFAs, but this is a misstatement of the record: Boyfriend parsed out these hours to assist the trial court

confirmed that each category of work totaling the 104.1 hours' worth of costs awarded was "spent dealing with loan-related issues" or otherwise "regarded the loans." Girlfriend refers to irrelevant motions, or irrelevant portions of motions, in an effort to undermine counsel's declaration, but these attacks are, at bottom, attacks on the trial court's assessment of counsel's credibility. We may not, and will not, reweigh that assessment. (*Weber v. Langholz* (1995) 39 Cal.App.4th 1578, 1587; *Christian Research Institute v. Alnor* (2008) 165 Cal.App.4th 1315, 1323.)

---

*if* the court accepted girlfriend's argument that his motion to compel her deposition answers was not related to the loans.

**DISPOSITION**

The order is affirmed.  Boyfriend is entitled to his costs on appeal.[4]

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
HOFFSTADT

We concur:


_____, Acting P. J.
ASHMANN-GERST


_____, J.
CHAVEZ

---

[4]    Boyfriend requests that we also award him reasonable attorney fees on appeal.  While "[a] statute authorizing an attorney fee award at the trial court level includes appellate attorney fees unless the statute specifically provides otherwise" (*Evans v. Unkow* (1995) 38 Cal.App.4th 1490, 1499), Code of Civil Procedure section 2033.420 does not authorize an award of fees incurred *in connection with bringing* the costs-of-proof motion (as opposed to authorizing an award of the costs of proof themselves). Thus, boyfriend failed to identify a basis for recovery of attorney fees on appeal.

7