Filed 1/29/21

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| EDWARD YOON,<br><br>    Plaintiff and Appellant,<br><br>      v.<br><br>CAM IX TRUST et al.,<br><br>    Defendants and Respondents. | B301191<br><br>(Los Angeles County<br>Super. Ct. No. YC071021) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Deirdre Hill, Judge.  Affirmed.

Daniel E. Park Law Corporation, Daniel E. Park and Anna-Sophie Tirre for Plaintiff and Appellant.

Wedgewood, Seth P. Cox and Julie A. Choi for Defendants and Respondents.

_____

## SUMMARY

Plaintiff appeals from an award of attorney fees to defendants. Plaintiff contends it was improper for the trial court to award fees under clauses in a promissory note and deed of trust, where plaintiff's lawsuit did not assert a breach of contract claim. He further contends a second basis for the fee award, arising from his denial of defendants' requests for admission, was erroneous as well.

We find no merit in plaintiff's contentions and affirm the trial court's order.

## FACTS

Plaintiff Edward Yoon sued defendants CAM IX Trust and BSI Financial Services, Inc. in connection with a trustee's sale of plaintiff's home in Rancho Palos Verdes. CAM IX Trust was the assignee of a deed of trust on the property that secured repayment of a $640,000 promissory note, and BSI was Cam IX Trust's loan servicer. Plaintiff alleged claims for negligence and fraud, statutory claims, and causes of action to set aside the trustee's sale and quiet title.

By the time the case went to a jury, plaintiff had abandoned or dismissed all claims except those for negligence and fraud. Plaintiff asserted defendants failed to properly review his request for a short sale, and told him the foreclosure sale date had been postponed for several days (although it had not), causing him to miss the deadline for making the loan current or finalizing a short sale. The jury found that neither defendant was negligent and no false representations were made.

Defendants sought attorney fees on two bases: under Civil Code section 1717, on the ground the note and deed of trust provided for the recovery of attorney fees, and under Code of Civil

Procedure section 2033.420, allowing recovery of expenses incurred in proving the truth of matters plaintiff failed to admit in response to defendants' requests.  (We will relate further relevant facts as necessary in connection with our discussion of plaintiff's legal claims.)

The trial court concluded plaintiff's causes of action "directly relate to enforcement of the note through foreclosure or required defendants to defend against a challenge to the underlying validity of the obligation," so that defendants were entitled to fees under Civil Code section 1717.  The court also concluded that "expenses are recoverable for proving that defendants did not breach their duty of care and did not make a misrepresentation."  After making certain deductions, the court awarded attorney fees of $191,619.47 and costs of $29,345.97, finding those amounts reasonable in light of the duration and nature of the litigation.

Plaintiff filed a timely appeal from the trial court's order.

## DISCUSSION

A determination of the legal basis for an award of attorney fees is a question of law we review de novo.  (*Sessions Payroll Management, Inc. v. Noble Construction Co.* (2000) 84 Cal.App.4th 671, 677.)  We review orders granting or denying cost of proof awards under Code of Civil Procedure section 2033.420 for abuse of discretion.  (*Orange County Water Dist. v. The Arnold Engineering Co.* (2018) 31 Cal.App.5th 96, 118.)

### 1.    Fees Under Civil Code Section 1717

In an action on a contract that provides for attorney fees and costs, the party prevailing on the contract is entitled to reasonable attorney fees as well as other costs.  (Civ. Code,

§ 1717, subd. (a).) Plaintiff contends section 1717 does not apply here because his negligence and fraud claims do not refer to or rely on the existence of a contract. Plaintiff is mistaken. The gravamen of his lawsuit was an effort to avoid the enforcement of the note and deed of trust; his suit arose from defendants' alleged conduct in the course of enforcing the terms of those documents.

In the note, plaintiff promised to pay $640,000 plus interest to the lender. In the event of default, "the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by Applicable Law. Those expenses include, for example, reasonable attorneys' fees." Similarly, the remedies clause in the deed of trust provided that the lender "shall be entitled to collect all expenses incurred in pursuing the remedies provided in this [section], including, but not limited to, reasonable attorneys' fees and costs of title evidence."

Plaintiff cites *Santisas v. Goodin* (1998) 17 Cal.4th 599. *Santisas* states that "this court has held that [Civil Code] section 1717 applies only to actions that contain at least one contract claim," and "[i]f an action asserts both contract and tort or other noncontract claims, section 1717 applies only to attorney fees incurred to litigate the contract claims." (*Santisas,* at p. 615.) But *Santisas* also explains that "[i]f a contractual attorney fee provision is phrased broadly enough, as this one is, it may support an award of attorney fees to the prevailing party in an action alleging both contract and tort claims: '[P]arties may validly agree that the prevailing party will be awarded attorney fees incurred in any litigation between themselves, whether such litigation sounds in tort or in contract.' " (*Id.* at p. 608.) " 'As to tort claims, the question of whether to award attorney[] fees

4

turns on the language of the contractual attorney[] fee provision, i.e., whether the party seeking fees has "prevailed" within the meaning of the provision and whether the type of claim is within the scope of the provision.' " (*Brown Bark III, L.P. v. Haver* (2013) 219 Cal.App.4th 809, 827–828 (*Brown Bark*).)

"To determine whether an action is on the contract, we look to the complaint and focus on the basis of the cause of action. [Citations.] Any action that is based on a contract is an action on that contract regardless of the relief sought." (*Brown Bark, supra,* 219 Cal.App.4th at pp. 821–822 [citing *Kachlon v. Markowitz* (2008) 168 Cal.App.4th 316, 347–348, for the proposition that a "lawsuit to quiet title and for declaratory and injunctive relief is an action on a contract because the action was based on a promissory note and deed of trust"].)

Further, California courts liberally construe the term "on a contract" in Civil Code section 1717. (*Blickman Turkus, LP v. MF Downtown Sunnyvale, LLC* (2008) 162 Cal.App.4th 858, 894.) " 'As long as the action "involve[s]" a contract, it is " 'on [the] contract' " within the meaning of section 1717.' " (*Blickman Turkus,* at p. 894; see also *Mitchell Land & Improvement Co. v. Ristorante Ferrantelli, Inc.* (2007) 158 Cal.App.4th 479, 486 [" '[O]n a contract' does not mean only traditional breach of contract causes of action. Rather, 'California courts "liberally construe 'on a contract' to extend to any action '[a]s long as an action "involves" a contract and one of the parties would be entitled to recover attorney fees under the contract if that party prevails in its lawsuit . . . .' " ' "].) Where an attorney fee clause provides for an award of fees incurred in enforcing a contract, "[i]t is settled that it is irrelevant if the fees were incurred offensively or defensively." (*Shadoan v. World Savings & Loan*

5

*Assn.* (1990) 219 Cal.App.3d 97, 107; cf. *id.* at p. 108 [concluding that "fees should be awarded to the extent that the action in fact is an action to enforce—or avoid enforcement of—the specific contract"].)

Applying these rules to this case, we can find no error in the trial court's conclusion that plaintiff's tort claims "directly relate to enforcement of the note through foreclosure." Plaintiff insists he did not allege a breach of contract, but only "tortious claims, mainly misrepresentation," and defendants did not defend based on the note or deed of trust, but only sought to show there was no negligence or misrepresentation in the foreclosure process. All that is so, but misses the point. At its core, plaintiff's suit sought to avoid his obligations under the note by making claims defendant acted negligently and fraudulently during the foreclosure process. Indeed, at trial plaintiff relied on the notice provisions of the note and deed of trust when he contended defendants had improperly sent a foreclosure option notice to the wrong address; he argued defendants "had a duty to act with reasonable care under the circumstances as specified, as a matter of the parties' agreement, in the Promissory Note and the Deed of Trust."

Under the authorities just cited, we are persuaded defendants are entitled to fees under the note and deed of trust.

**2.     Fees Under Code of Civil Procedure Section 2033.420**

Under Code of Civil Procedure section 2033.420, "[i]f a party fails to admit . . . the truth of any matter when requested to do so . . . , and if the party requesting that admission thereafter proves . . . the truth of that matter, the party requesting the admission may move the court for an order requiring the party to whom the request was directed to pay the reasonable expenses

6

incurred in making that proof, including reasonable attorney's fees." (*Id.*, subd. (a).) The court "shall make this order" unless it finds (as plaintiff asserts here) that "[t]he party failing to make the admission had reasonable ground to believe that that party would prevail on the matter." (*Id.*, subd. (b)(3).) (There are three other exceptions: a sustained objection or waiver of a response; the admission sought was of no substantial importance; or there was other good reason for the failure to admit. (*Id.*, subd. (b)(1), (2) & (4).) Plaintiff does not contend any of these apply.)

Defendants asked plaintiff to admit that "BSI properly reviewed [plaintiff's] short sale offer in good faith," that "BSI properly reviewed [plaintiff's] short sale offer in a timely manner," and that "BSI never informed [plaintiff] that the foreclosure sale of the [property] was continued to November 12, 2015." Plaintiff denied these requests. The trial court concluded the admissions requested were of substantial importance, and plaintiff did not show any of the exceptions to an award of the costs of proof applied. Further, plaintiff "fail[ed] to show that he had a good faith belief he would prevail on the issue at trial other than stating he had reasonable grounds to deny at the time."

Plaintiff contends the trial court abused its discretion. He points out that costs of proof under Code of Civil Procedure section 2033.420 "are not recoverable simply because the party promulgating the request prevails at trial." (*Brooks v. American Broadcasting Co.* (1986) 179 Cal.App.3d 500, 513.) Of course that is so. But the question is whether plaintiff had a reasonable ground to believe he would prevail at trial. For example, in *Brooks* there was anticipated testimony in plaintiff's favor on the

point at issue that was "a good reason for denying the request." (*Ibid.*)

In the trial court, plaintiff's opposition stated, without elaboration, that he "had reasonable grounds for denying the requests for admission at the time of responding to the discovery requests." But he did not explain how or why that was so. Plaintiff does the same on appeal: he identifies no evidence or circumstance justifying a belief he could prevail at trial.

Nonetheless, plaintiff insists he established "triable issues of material facts" as to his negligence and fraud claims, because the defendants moved for a nonsuit and the trial court denied the motion. We cannot see how the trial court's ruling assists plaintiff.

Defendants sought a nonsuit on grounds the damages plaintiff alleged were speculative, defendants owed no duty of care as a matter of law, and recovery in negligence was barred by the economic loss rule. The court denied the nonsuit motion without comment, so far as the record shows.

The bases asserted for the nonsuit—damages and the existence of a duty of care—are not the issues raised in the requests for admission. Moreover, on a nonsuit motion the court cannot weigh the evidence or consider credibility of witnesses, and must disregard conflicting evidence. (*Campbell v. General Motors Corp.* (1982) 32 Cal.3d 112, 118.) Thus, the court's denial of the nonsuit motion does not suggest plaintiff produced credible testimony that defendants acted negligently or fraudulently during the foreclosure process. (See *Grace v. Mansourian* (2015) 240 Cal.App.4th 523, 531, 532 ["the mere fact defendants presented evidence at trial is not an automatic justification for denial of the requests [for admissions]. Rather, the issue is

whether, in light of that evidence, defendants could reasonably believe they would prevail"; the plaintiffs were entitled to costs associated with proving liability where the defendant driver believed and testified he did not run a red light but there was substantial evidence he was at fault].)

Plaintiff points out that even if an award of fees under Code of Civil Procedure 2033.420 is not an abuse of discretion (and it is not in this case), fees can be awarded only for the period after he denied the requests for admissions. (*Garcia v. Hyster Co.* (1994) 28 Cal.App.4th 724, 736 ["any expenses incurred prior to [date of denial] were improperly awarded"].) We agree, but since fees were also properly awarded under Civil Code section 1717, no adjustment in the fee award is necessary.

## DISPOSITION

The order is affirmed. Defendants shall recover their costs on appeal.


GRIMES, Acting P. J.

WE CONCUR:


STRATTON, J.


WILEY, J.

9