Filed 9/20/23  Flores v. Medicali Holdings CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| GABRIEL FLORES, | B317695 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 19STCV31058) |
| v. | |
| MEDICALI HOLDINGS, INC., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Armen Tamzarian, Judge.  Affirmed.

Stern & Goldberg, Alan N. Goldberg, and Peter Tran for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

During discovery in this matter, defendant Medicali Holdings, Inc. (Medicali)[1] served requests for admission on plaintiff Gabriel Flores seeking his admission that most of his wage-and-hour claims were barred by the applicable statutes of limitations.  Flores denied the requests, and Medicali prevailed on this issue at trial.  After trial, Medicali sought attorney fees under Code of Civil Procedure section 2033.420,[2] which allows a court to award reasonable expenses, including attorney fees, incurred by a party to prove "the truth of any matter" that another party has failed to admit when asked to do so.  The trial court denied the motion, concluding that the fees Medicali sought to recover were incurred to defend against the untimely claims on the merits—*not* to establish that the claims were time-barred— thus they were not recoverable under the plain language of the statute.

As we discuss more fully below, the trial court did not abuse its discretion by denying Medicali's motion for attorney fees.  We therefore affirm.

---

[1]     Flores named as defendants Medicali Holdings, Inc., a California corporation (Medicali CA); Medicali, Inc., a Nevada corporation (Medicali NV); and Medicali's principal, Charles Weinberger.  As described below, judgment was entered as to all three defendants, but only Medicali CA has appealed.  In this opinion, we will refer to all the Medicali defendants interchangeably as "Medicali."

[2]     All subsequent undesignated statutory references are to the Code of Civil Procedure.

## FACTUAL AND PROCEDURAL BACKGROUND

### I. Background.

Flores was employed by Medicali as a glassblower from about 2011 until September 9, 2016. Nearly three years later, on August 30, 2019, Flores filed the present action alleging a variety of wage and hour claims: failure to pay wages (first cause of action), failure to pay minimum wages (second cause of action), failure to pay overtime (third cause of action), failure to provide meal and rest breaks (fourth cause of action), unfair competition (fifth cause of action), waiting time penalties (sixth cause of action), and cancellation of contract (seventh cause of action).

The case was tried to the court in 2021. In a statement of decision, the trial court found that the first, second, third, fourth, and sixth causes of action were governed by a three-year statute of limitations; the fifth cause of action was governed by a four-year statute of limitations; and the statutes were not tolled by Medicali's principal's travel outside the state. Accordingly, Flores could not recover under his first through fourth and sixth causes of action for any alleged violations that occurred before August 30, 2016, and he could not recover under his fifth cause of action for any violations that occurred before August 30, 2015. On the merits, the court found that Medicali had not violated the minimum wage laws, but at times had failed to pay Flores overtime. The court thus found Flores was entitled to recover $238.50 in damages for unpaid overtime and $6,065 in restitution.

On November 10, 2021, the court entered judgment for Flores.

## II. Medicali's motion for attorney fees.

### A. Medicali's motion.

After entry of judgment, Medicali moved for attorney fees pursuant to section 2033.420. That section provides that if a party unreasonably fails to admit the truth of any matter when requested to do so, and if the party requesting the admission thereafter proves the truth of that matter, the party requesting the admission "may move the court for an order requiring the party to whom the request was directed to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees." (§ 2033.420, subd. (a).)

In support of its motion for attorney fees, Medicali asserted that in September 2019, it served requests for admission that asked Flores to admit the following:

(1) Requests for admission nos. 39, 40, 42, 43, 45, 46, 48, 49, 54, and 55 asked Flores to admit that the statute of limitations precluded Flores from seeking damages pursuant to the first, second, third, fourth, and sixth causes of action for any period prior to August 30, 2016.

(2) Requests for admission nos. 51 and 52 asked Flores to admit that the statute of limitations precluded Flores from seeking damages pursuant to the fifth cause of action for any period prior to August 30, 2015.

Flores denied each of these requests in November 2019. Following trial, however, the trial court concluded that the substance of Medicali's requests for admissions were correct as a matter of law. Medicali thus contended that pursuant to section 2033.420, it was entitled to recover the following:

(1) 3.0 hours of attorney time, billed at $1,500, for "[e]fforts to meet and confer with Plaintiff to discontinue his

4

attempts to seek damages for alleged unpaid wages outside of the applicable statutory periods."

(2)  25 hours of attorney time, billed at $9,125, for "[p]reparation of additional discovery and the filing of two (2) motions to compel . . . related to Plaintiff's . . . claim of damages going back to 2012, as stated in his supplemental responses to Special Interrogatories provided on March 27 and 30, 2020."

(3)  5.5 hours of attorney time, billed at $2,750, for preparing for and taking Flores's deposition concerning his claims for unpaid wages "prior to 2015."

(4)  3.75 hours of attorney time, billed at $1,875, for reviewing Flores's payroll records from 2010 to 2014, and preparing for and taking Flores's deposition, about half of which was directed to Flores's time-barred claims.

(5)  23.0 hours of attorney time, billed at $8,125, for conducting legal research and preparing a trial defense "against Plaintiff's claim of alleged unpaid wages prior to the applicable statutory periods, including Plaintiff's belated claim that the statute of limitations was tolled as to those claims."

(6)  6.0 hours of attorney time, billed at $3,000, for addressing Flores's attempts at trial "to present testimony and introduce voluminous payroll records going as far back as 2011. Defendants were required to defend against such claims and Plaintiff's claim that the statute of limitations was tolled."

**B.  Flores's opposition.**

Flores opposed the motion for fees. He urged that his denial of the requests for admission was reasonable, and none of the fees sought were incurred to prove that his claims were barred by the applicable statutes of limitations. Instead, Flores asserted, all of the fees sought were "costs for preparing [a]

5

defense if the statute was actually extended." Flores thus contended that Medicali was not entitled to recover attorney fees pursuant to section 2033.420.

### C. Order denying attorney fees.

The trial court denied the request for attorney fees. The court found Flores's denial of the requests for admission was unreasonable, but concluded Medicali failed to establish that it incurred attorney fees and costs to prove the facts Flores should have admitted. The court explained: "The matters plaintiff denied were that he could not recover on his first six causes of action for unpaid wages before August 30, 2016 . . . . [¶] Those matters are a simple 'application of law to fact.' (§ 2033.010.) The law is that these causes of action have a three-year statute of limitations. (§ 338(a); *Pineda v. Bank of America, N.A.* (2010) 50 Cal.4th 1389, 1398.) There are only two necessary facts. First, plaintiff filed the complaint on August 30, 2019. This fact was not disputed and could not reasonably be disputed. Second, plaintiff's employment with defendants ended on September 9, 2016. This fact was never disputed. Plaintiff's initial complaint alleges, 'Plaintiff and Defendants separated on or around September 9, 2016.' "

"Defendant does not show it incurred the fees claimed in proving this simple application of law to fact. Attempting to convince plaintiff these matters were true does not constitute proving them. All the other fees described were incurred preparing for trial on the merits of plaintiff's claims for unpaid wages before August 30, 2016. That also does not constitute proving the matters plaintiff should have admitted. Defendant incurred those fees as a backup plan so it would be prepared in case plaintiff was right and could recover those wages."

6

Medicali timely appealed from the order denying the request for attorney fees.[3]

## DISCUSSION

Medicali contends it was entitled to recover attorney fees incurred to defend against Flores's claims for wages prior to August 30, 2016, because had Flores not denied the requests for admission, "the scope of discovery and the length of Trial would have been narrowed and shortened." Medicali's claim lacks merit.

## I. Legal standards.

A party to a civil action may propound a written request for the admission of "the truth of specified matters of fact, opinion relating to fact, or application of law to fact." (§ 2033.010.) Any matter admitted in response to a request for admission is conclusively established against the party making the admission. (§ 2033.410.) A request for admission may properly be used to establish fact, opinion, or the application of law to fact. (*Garcia v. Hyster Co.* (1994) 28 Cal.App.4th 724, 735 (*Garcia*).)

If a party fails to admit the truth of any matter when requested to do so, and if the party requesting that admission thereafter proves the truth of that matter, "the party requesting the admission may move the court for an order requiring the party to whom the request was directed to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees." (§ 2033.420, subd. (a).) The court is required to award the reasonable expenses incurred unless it finds that an

---

[3] Flores separately appealed from the judgment, and the court consolidated Flores's and Medicali's appeals. On January 5, 2023, we dismissed Flores's appeal for failure to file an opening brief.

objection to the request was sustained, the party who denied the request "had reasonable ground to believe [he or she] would prevail on the matter," the admission sought "was of no substantial importance," or "[t]here was other good reason for the failure to admit." (§ 2033.420, subd. (b)(1)–(4); see also *Grace v. Mansourian* (2015) 240 Cal.App.4th 523, 529 (*Grace*) [quoting statute].) The trial court's determination of whether costs of proof should be awarded normally is reviewed for an abuse of discretion (*Grace*, at p. 529), but de novo review of such an order is warranted " ' "where the determination of whether the criteria for an award of attorney fees and costs in this context have been satisfied amounts to statutory construction and a question of law." ' [Citation.]" (*Serrano v. Stefan Merli Plastering Co., Inc.* (2011) 52 Cal.4th 1018, 1026.)

The Court of Appeal considered the scope of attorney fees recoverable under the predecessor to section 2033.420 (see Cal. Law Revision Com. com., West's Ann. Cal. Code Civ. Proc. (2023 ed.) foll. § 2033.420) in *Garcia, supra*, 28 Cal.App.4th 724. There, plaintiff Garcia filed a complaint alleging that he was seriously injured at work while operating machinery designed and manufactured by defendant Hyster. The insurer who provided workers' compensation insurance to Garcia's employer filed a complaint in intervention against Hyster, alleging that it had been required to pay plaintiff workers' compensation benefits as the result of Hyster's negligence. (*Id.* at p. 728.) The complaint in intervention went to trial, and the trial court granted a nonsuit for Hyster. (*Ibid*.) Hyster then moved for an award of attorney fees " 'associated with the trial of this case' " based on the insurer's denial of several requests for admission—namely, that Garcia's employer was negligent, that the employer's

8

negligence was a legal cause of Garcia's damages, and that the employer's negligence was responsible for at least 20 percent of Garcia's injuries. (*Id.* at pp. 728–729, 733–734.) The trial court awarded Hyster all of the attorney fees sought, and the insurer appealed. (*Id.* at p. 734.)

The Court of Appeal reversed the award of attorney fees. It explained that the statute authorizes only those expenses " 'incurred in making *that proof*,' i.e., proving the matters denied by the opposing party." (*Garcia, supra*, 28 Cal.App.4th at pp. 736–737, italics added.) In the case before it, Hyster "likely devoted at least some resources to preparation of proof that it was not negligent in the design of its [machinery], and perhaps toward a showing of operator negligence; however, these issues were completely outside the scope of the request for admissions." (*Id.* at p. 737.) Nonetheless, "[n]othing in the bare-bones showing made below, or in the lower court's award, reflects that any consideration was given to the fact that Hyster Company's trial preparation might extend beyond those areas covered in the request for admissions." (*Ibid.*) Thus, the court concluded, the fee award was "far more than reasonable compensation under the circumstances," requiring a remand "for redetermination of costs and fees." (*Id.* at pp. 737–738.)

The Court of Appeal came to a similar conclusion in *Grace, supra*, 240 Cal.App.4th 523. There, the plaintiff was injured in a vehicle collision with the defendant. The plaintiff sued, alleging that the defendant caused the collision after running a red light. The plaintiff served requests for admission, asking the defendant to admit that he failed to stop at the red light, and that his failure was negligent, was the actual and legal cause of the accident, and was a substantial factor causing the accident and

plaintiff's damages. The plaintiff also asked the defendant to admit that, as a result of the accident, the plaintiff was injured and needed medical treatment, all treatment was necessary and within the standard of care, and all medical bills were reasonable. Finally, the plaintiff asked the defendant to admit the plaintiff's lost earnings as a result of the accident. The defendant denied each of these requests. (*Id.* at p. 526.)

A jury found the defendant was negligent and awarded the plaintiff damages for medical expenses, lost earnings, and pain and suffering. (*Grace*, *supra*, 240 Cal.App.4th at p. 528.) The plaintiff then filed a motion for attorney fees pursuant to section 2033.420. The trial court denied the motion, finding that the defendant's denial was reasonable. (*Ibid.*) The Court of Appeal reversed, finding it was not reasonable for the defendant to have denied that he ran a red light, that his conduct was negligent, that his negligent conduct was the cause of the accident, and that the plaintiff was injured in the accident. (*Id.* at pp. 530, 533.) The court therefore held that the plaintiff was entitled to recover the fees and costs associated with proving these facts. The court noted, however, that the plaintiff was required to segregate these amounts "from costs and fees expended to prove *other issues*," including issues to which the defendant had stipulated. (*Id.* at pp. 529–530, italics added.) Accordingly, because the defendant had stipulated to the plaintiff's medical bills and lost wages—and because the court found it was reasonable for the defendant to have denied that the plaintiff would require future medical care and would suffer future lost wages as a result of the accident—the court remanded for a determination of the fees the plaintiff was entitled to recover. (*Id.* at pp. 533–534.)

10

**II. The trial court did not abuse its discretion by denying Medicali's motion for attorney fees.**

As we have noted, if a party unreasonably fails to admit the truth of a matter, section 2033.420 permits a trial court to award fees and costs incurred "in making *that proof*"—that is, proof of the fact or legal conclusion that the losing party was asked to, but did not, admit. Consistent with this statutory language, the cases discussed above hold that a prevailing party is entitled under section 2033.420 to recover only the costs of proving the matters that are the subject of the requests, not the costs of proving "*other* issues." (See also *Association for Los Angeles Deputy Sheriffs v. Macias* (2021) 63 Cal.App.5th 1007, 1031.)

Applying this standard here, we conclude that the trial court did not abuse its discretion by denying Medicali's motion for attorney fees. The first category of fees Medicali sought related to defense counsel's efforts to persuade plaintiff "to discontinue his attempts to seek damages for alleged unpaid wages outside of the applicable statutory periods." But as the trial court correctly noted, although counsel's efforts, if successful, would have made establishing the statute of limitations defense unnecessary, those efforts were not *themselves* directed toward "proving"—that is, introducing evidence or making a legal argument to the court— that significant portions of plaintiff's claims were time-barred. Accordingly, under the statute's plain language, fees associated with these efforts were not recoverable.

The second category of fees were for discovery, trial preparation, and trial related to "defending against Plaintiff's claim of alleged unpaid wages prior to the applicable statutory periods." Although these fees would not have been incurred had plaintiff admitted the claims were time-barred, that was not the

11

question before the trial court. Instead, the only relevant question was whether the fees were incurred to prove the matters plaintiff should have admitted—i.e., that his claims that accrued before August 30, 2016 (or August 30, 2015) were time-barred. Medicali's fees associated with defending these claims *on the merits* unquestionably were not.

There is only one element of Medicali's fee request that arguably had merit: fees incurred to "defend[ ] against Plaintiff's claim . . . that the statute of limitations was tolled." To the extent they were reasonably incurred, fees associated with researching and briefing plaintiff's tolling claim could be recoverable under section 2033.420 as expenses incurred to prove a matter plaintiff should have admitted. However, Medicali did not separately account for any such fees as the statute requires. (See *Grace, supra*, 240 Cal.App.4th at p. 529 [in seeking fees and costs under section 2033.420, moving party must "segregate[ ] [recoverable fees] from costs and fees expended to prove other issues"].) Under these circumstances, the trial court did not abuse its discretion by denying Medicali's motion.

Medicali asserts that it should have been awarded the claimed fees because it "could not simply do nothing when faced with the Plaintiff's denials of the Requests and assume that the admissions sought by the Requests (i.e., the time periods for each of the causes of action as limited by the applicable statutes of limitations) would have somehow been automatically applied at Trial." Perhaps not, but section 2033.420 permits a court to award only those fees and costs incurred to prove facts that were unreasonably denied, not all fees and costs incurred *as a result of* the unreasonable denial. The trial court did not err in so concluding.

12

Medicali suggests finally that the trial court erred by concluding that "since the admissions sought by the Requests were an 'application of law to fact,' the Requests were somehow exempt from" section 2033.420. Not so. The trial court did not suggest that Medicali's requests for admission were "exempt" from the statute; it simply concluded that Medicali had not demonstrated that it had incurred any recoverable fees. As we have discussed, that conclusion was not an abuse of discretion.

**DISPOSITION**

The order denying Medicali's motion for attorney fees is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ADAMS, J.

We concur:

EDMON, P. J.

EGERTON, J.

14