Filed 10/13/23

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| ANDREA VARGAS et al., | B317540 |
| Plaintiffs and Appellants, | |
| v. | (Los Angeles County Super. Ct. No. BC638423) |
| YOLANDA GALLIZZI, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Graciela L. Freixes, Judge.  Affirmed in part, reversed in part and remanded with directions.

Pimentel Law and Gabriel J. Pimentel for Plaintiffs and Appellants.

Law Offices of Cleidin Z. Atanous, Cleidin Z. Atanous; Raffalow, Bretoi & Adams and Brian Dewey for Defendant and Respondent.

_____

In 2014 Andrea Vargas and her adult daughter, Ana Garcia, sued Yolanda Gallizzi for personal injuries related to an automobile accident in which Gallizzi's car rear-ended Vargas's car.  A jury trial resulted in a judgment in favor of Vargas for past noneconomic damages only, and Vargas and Garcia appealed.  We held the trial court had erred in granting Gallizzi's motions for nonsuit on certain claims and had erred in failing to instruct the jury on loss of use damages.  We remanded for retrial on the amount of Garcia's past and future noneconomic damages and Vargas's loss of use damages and future noneconomic damages.  We affirmed the jury's award of past noneconomic damages to Vargas.  (See *Vargas v. Gallizzi* (Aug. 19, 2019, B287583) [nonpub. opn.].)

After trial on remand a jury awarded Vargas and Garcia a total of $15,125 in damages.  Vargas and Garcia moved for attorney fees and costs pursuant to Code of Civil Procedure section 2033.420[1] on the ground Gallizzi had unreasonably denied several requests for admission regarding, primarily, the status of certain medical records as business records within the meaning of Evidence Code section 1271.  The trial court denied the motion and awarded costs to Gallizzi pursuant to Code of Civil Procedure section 998.

Vargas and Garcia appeal the trial court's denial of their motion for fees and costs and the award of costs to Gallizzi.  We affirm the award of costs to Gallizzi, reverse the denial of Vargas and Garcia's motion for fees and costs and remand for further proceedings.

---

[1] Statutory references are to this code unless otherwise stated.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *The Requests for Admission Regarding Medical Records*

During the first trial in 2017 Vargas and Garcia sought to introduce certain medical records into evidence.[2]  The trial court sustained Gallizzi's objection to the records based on hearsay, foundation and authenticity grounds.  Specifically, the court found the custodian declarations submitted with the records failed to contain sufficient information to establish the records were subject to the business records exception to the hearsay rule.  (See Evid. Code, §§ 1271, 1560-1562.)  In addition, Vargas and Garcia's counsel failed to have the custodians of records deliver the records directly to the clerk of the court in a sealed inner envelope to be opened by the court in the presence of the parties.  (See Evid. Code, § 1560, subds. (c) & (d).)

In August 2019, in preparation for the second trial, Vargas and Garcia's counsel requested by email that Gallizzi's counsel stipulate to the "authenticity of medical records as well as that they are business records."  Having received no response to the email, in October 2019 Vargas and Garcia served requests for admission on Gallizzi requesting she admit that the medical records were genuine and were "business records within the meaning of California Evidence Code § 1271."  Gallizzi served responses in which she admitted the genuineness of the medical records but denied they were business records.

---

[2]     The documents at issue consist of, for both Vargas and Garcia, records from:  Azusa Covina Health Services, Citrus Valley Medical Center and Schaefer Ambulance Service; and, for Vargas only, records from:  Cedars Sinai Medical Group, South Lake Medical Center and Discovery Radiology Physicians.

After receiving the responses, counsel for Vargas and Garcia issued new document subpoenas to the healthcare providers for the relevant medical records, this time with custodian declarations containing more detailed information to establish the business records hearsay exception within the meaning of Evidence Code section 1271. The healthcare providers produced documents and custodian declarations in response to those subpoenas between January and August 2020.

In May 2020 Vargas and Garcia's counsel again sent an email to Gallizzi's counsel suggesting they "discuss reaching a stipulation re: authenticity of the subpoenaed medical records as well as a stipulation that they are business records." After Gallizzi's counsel responded he was unwilling to stipulate to "admissibility of medical records," Vargas and Garcia's counsel followed up several times in August and September 2020, clarifying he sought a stipulation not to admissibility but only that the records qualified as business records.

With no stipulation reached, in September 2020 Vargas and Garcia's counsel served another set of requests for admission on Gallizzi requesting she admit the genuineness of the subpoenaed medical records and that the records were business records. After initially responding she lacked sufficient information to admit or deny the requests, in February 2021 Gallizzi served responses denying the requests for admission.

In April 2021 Vargas and Garcia's counsel served subpoenas on the healthcare providers directing them to produce documents and appear at trial. In June 2021 Vargas and Garcia's counsel served additional subpoenas on the healthcare providers ordering them to produce the medical records to the court pursuant to the procedures set forth in Evidence Code

4

section 1560, along with a declaration establishing the requirements of the business records exception to the hearsay rule.

2. *The Requests for Admission Regarding the Timeline of Treatment*

In October 2020 Vargas and Garcia served a total of 117 requests for admission regarding their medical treatment after the accident. Each request sought an admission from Gallizzi that Vargas or Garcia had visited a particular medical provider on a certain date and complained of various injuries or ailments at that time. Gallizzi denied each request.

3. *The Requests for Admission Regarding Causation*

Also in October 2020 Garcia served two requests on Gallizzi seeking admission that the accident had caused "at least some" physical and emotional harm to Garcia. Gallizzi denied both requests.

4. *The Trial and Verdict*

In July 2021 the parties filed a proposed joint exhibit list stating Vargas and Garcia intended to offer approximately 30 sets of medical records into evidence (most of which were less than 20 pages each). For each proposed exhibit Gallizzi indicated she would stipulate to authenticity but intended to object on hearsay grounds.

During pretrial conferences on July 27 and July 30, 2021 the court heard argument regarding the parties' motions in limine. No reporter's transcripts for these hearings have been provided on appeal, but it appears the admissibility of medical records was argued because the minute order for July 30, 2021 states, "The Court rules that any sealed subpoena records

5

received will be considered as business records. The admissibility of said records is deferred to the time of trial."

The issue was revisited during trial when Vargas and Garcia's counsel indicated he would use some of the medical records to refresh Vargas's recollection during her testimony. Gallizzi's counsel objected that Vargas could not authenticate the documents and the records contained hearsay. The court responded, "I've deemed them not hearsay with regards to authentication and foundation because they were provided . . . as part of the subpoenaed records." Ultimately the medical records proffered by Garcia and Vargas were admitted into evidence at trial except for approximately 10 pages the court ruled contained hearsay within hearsay.

After hearing five days of testimony, the jury returned a verdict for Vargas and Garcia. The jury awarded Vargas $9,125 in loss of use damages and nothing in future noneconomic damages. Garcia was awarded $6,000 in past noneconomic damages and nothing in future noneconomic damages. Judgment was entered on August 17, 2021 against Gallizzi for a total of $15,125 in damages, plus costs to be determined.

5. *Postjudgment Motions*

On August 26, 2021 Gallizzi filed a memorandum of costs seeking an award of more than $30,000 in section 998 post-settlement-offer costs. Vargas and Garcia moved to strike or tax costs, arguing some of Gallizzi's costs were incurred prior to the section 998 offer and other costs were unreasonable.

On September 8, 2021 Vargas and Garcia moved for an award of more than $350,000 in attorney fees and costs pursuant to section 2033.420 based on Gallizzi's failure to admit the requests for admission regarding the medical records, timeline of

treatment, and causation.[3]  The motion argued Gallizzi had no reasonable ground to deny the requests for admission based on the information available to her at the time.  In opposition Gallizzi argued Vargas and Garcia were not entitled to an award pursuant to section 2033.420 because they had not proved at trial any of the issues raised in the requests for admission.  In particular, Gallizzi argued she had stipulated to the "foundation of all medical records at issue" and, therefore, there was no entitlement to costs under section 2033.420.  Other than two sentences disparaging opposing counsel's abilities, Gallizzi's opposition did not challenge the amount or calculation of the fees or costs sought.

At a hearing on October 5, 2021 the court denied Vargas and Garcia's motion for fees and costs.  The court noted Gallizzi had filed a "scant opposition, which does not separately or specifically address the numerous requests for admissions that are the subject of plaintiffs' motion, nor does defendant address the basis for her denials."  However, regarding the requests to

---

[3]     Vargas and Garcia also filed a memorandum of costs seeking more than $15,000 in costs as the prevailing parties pursuant to section 1032.  The trial court declined to award these costs.  While Vargas and Garcia state in their opening brief that they have appealed the "Order granting Defendant's motion to strike/tax costs," the brief fails to address this argument in any substantive way.  As such, the challenge to that ruling is forfeited.  (See *Golden Door Properties, LLC v. Superior Court* (2020) 53 Cal.App.5th 733, 786 [issues not supported in a party's opening brief with legal analysis and citation to authority are forfeited]; *Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852 [appellant forfeits issue not raised or supported by substantive argument].)

7

admit the medical records were business records, the court found, because it had ruled the records were business records "before trial was commenced, as defined in CCP 581,"[4] Vargas and Garcia had not been "required to prove, and did not prove, the authenticity of the records at trial, but only prepared to do so." After hearing argument from Vargas and Garcia's counsel, the court reiterated, "Defense counsel had indicated that he was stipulating to authenticity. There was no proof that was required at trial that these were business records. Defense counsel didn't dispute that fact at all during the trial. . . . You were not required to prove that the medical records were business records. I found that to be the case before we ever called a jury in here." Because it found Vargas and Garcia had not proved the business records exception during trial, the court ruled costs should not be awarded pursuant to section 2033.420 on that issue.

Turning to costs based on the refusal to admit the accident caused at least some harm to Vargas and Garcia, the trial court found Gallizzi's denials were unreasonable given the information she had at the time. Nevertheless the court declined to award costs because it found the trial would not "have been shortened or expedited had defendant admitted these requests." The court explained that, because the issue before the jury was the amount of noneconomic damages to be awarded, Vargas's and Garcia's testimony had focused on their emotional experiences. Accordingly, an admission of some physical injury would not have changed the amount of time spent on their testimony.

---

[4] Section 581, subdivision (a), provides, "As used in this section: [¶] . . . [¶] (6) 'Trial.' A trial shall be deemed to actually commence at the beginning of the opening statement or argument of any party or his or her counsel . . . ."

The court also denied costs based on Gallizzi's failure to admit the details regarding Vargas's and Garcia's healthcare visits and complaints. The court found the matters sought in the requests were not proved at trial.

Finally, the court affirmed in part the motion to tax Gallizzi's costs, striking costs that had been incurred prior to the section 998 offer and costs for certain court reporter fees. The court found the remaining expert fees and court reporter fees were reasonable and costs were warranted pursuant to section 998.

The court entered a judgment for costs on January 5, 2022, which stated the court had denied all claims of costs and attorneys fees by Vargas and Garcia and awarded $28,547.66 in costs to Gallizzi.

## DISCUSSION

1. *The Trial Court Erred by Denying Vargas and Garcia's Motion for Expenses Pursuant to Section 2033.420*

a. *Governing law and standard of review*

During pretrial discovery a party may serve a written request that another party "admit the genuineness of specified documents, or the truth of specified matters of fact, opinion relating to fact, or application of law to fact." (§ 2033.010.) Such requests "'are primarily aimed at setting at rest a triable issue so that it will not have to be tried. Thus, such requests, in a most definite manner, are aimed at expediting the trial. For this reason, the fact that the request is for the admission of a controversial matter, or one involving complex facts, or calls for an opinion, is of no moment. If the litigant is able to make the admission, the time for making it is during discovery procedures, and not at the trial.'" (*Bloxham v. Saldinger* (2014)

9

228 Cal.App.4th 729, 752; accord, *Orange County Water Dist. v. The Arnold Engineering Co.* (2018) 31 Cal.App.5th 96, 115 ["'[r]equests for admission are not restricted to facts or documents, but apply to conclusions, opinions, and even legal questions. [Citations.] Thus, requests for admission serve to narrow discovery, eliminate undisputed issues, and shift the cost of proving certain matters'"].)

If a party denies a request for admission that is later proved, section 2033.420, subdivision (a), provides for an award of costs of proof: "If a party fails to admit the genuineness of any document or the truth of any matter when requested to do so under this chapter, and if the party requesting that admission thereafter proves the genuineness of that document or the truth of that matter, the party requesting the admission may move the court for an order requiring the party to whom the request was directed to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees." Subdivision (b) provides, "The court shall make this order unless it finds any of the following: [¶] (1) An objection to the request was sustained or a response to it was waived under [Code of Civil Procedure] Section 2033.290. [¶] (2) The admission sought was of no substantial importance. [¶] (3) The party failing to make the admission had reasonable ground to believe that that party would prevail on the matter. [¶] (4) There was other good reason for the failure to admit." An award of expenses pursuant to section 2033.420 "is not a penalty. Instead, it is designed to reimburse reasonable expenses incurred by a party in proving the truth of the requested admission." (*Brooks v. American Broadcasting Co.* (1986) 179 Cal.App.3d 500, 509.)

"'The determination of whether "there were no good reasons for the denial," whether the requested admission was "of substantial importance," and the amount of expenses to be awarded, if any, are all within the sound discretion of the trial court.'" (*Bloxham v. Saldinger, supra,* 228 Cal.App.4th at p. 753.) "By contrast, if the trial court exercises its discretion and determines that the requirements of the statute exist, reasonable expenses *must* be awarded." (*Brooks v. American Broadcasting Co., supra,* 179 Cal.App.3d at p. 508.) "On appeal, the trial court's decision will not be reversed unless the appellant demonstrates that the lower court abused its discretion." (*Id.* at p. 509.) An abuse of discretion is shown if the trial court based its decision on an incorrect legal standard or if the court's factual findings are not supported by substantial evidence. (See *Costco Wholesale Corp. v. Superior Court* (2009) 47 Cal.4th 725, 733.)

   b. *Vargas and Garcia are entitled to recover expenses incurred in proving the medical records were business records*

As discussed, the trial court ruled an award of expenses regarding the medical records was not warranted because Garcia and Vargas had not proved the records were business records within the meaning of Evidence Code section 1271.[5]  The court's

---

[5]     The business records exception to the hearsay rule requires a showing that (1) the writing was made in the regular course of business; (2) the writing was made at or near the time of the act, condition or event; (3) the custodian or other qualified witness testifies to its identity and mode of preparation; and (4) the sources of information and mode, method and time of preparation indicate trustworthiness.  (Evid. Code, § 1271; see *Conservatorship of S.A.* (2018) 25 Cal.App.5th 438, 447.)  These

11

reasoning was twofold: First, the hearsay exception had not been proved "at trial"; second, Gallizzi had stipulated to the records' authenticity and did not dispute their status as business records at trial. Neither finding supported the denial of expenses.

The finding Vargas and Garcia had not proved the business records exception "at trial," while perhaps literally correct, was an improper ground for the denial of an expense award. Code of Civil Procedure section 2033.420, subdivision (a), provides expenses shall be awarded if the party requesting the admission "thereafter proves the genuineness of that document or the truth of that matter." The statute contains no requirement the proof be made "at trial" (nor is it apparent the technical definition of the commencement of trial found in section 581 would be applicable in this context). Here, during a pretrial hearing the court ruled the medical records would be considered business records. That ruling necessarily meant the court had determined the documents satisfied the requirements of Evidence Code section 1271, including that the sources of information and modes of preparation indicated trustworthiness. By providing evidence sufficient for the court to make these findings, Vargas and Garcia proved the matter. Accordingly, they met the threshold for reimbursement of expenses incurred following Gallizzi's denials.

The trial court additionally erred by finding Vargas and Garcia were precluded from receiving cost-of-proof expenses because Gallizzi had not disputed the medical records' status as business records at trial. Given the pretrial ruling on that issue, of course, Gallizzi could reasonably have concluded that continuing to contest the business records designation would

---

requirements may be satisfied by affidavit or declaration. (Evid. Code, §§ 1561 & 1562; see also *Conservatorship of S.A.*, at p. 447.)

have been futile. And nothing in the record supports the court's apparent belief that Gallizzi had stipulated to the business records designation. As the trial court observed, in the joint exhibit list Gallizzi had stipulated only to the authenticity of the records, which is a separate requirement for admissibility. That stipulation was simply an agreement that the medical records identified by Vargas and Garcia were in fact the medical records described.[6] The record is devoid of any basis to find Gallizzi also stipulated to the additional facts necessary to find the records were business records under Evidence Code section 1271.

To the contrary, although Gallizzi specifically asserted hearsay objections to each of the medical records listed on the joint exhibit list, at trial she made double hearsay objections to only a few pages of the medical records. No general hearsay objections were made to the medical records. In this context, the only reasonable conclusion is that the hearsay objections on the joint exhibit list were directed to the overarching business records designation, objections that were effectively overruled at the pretrial hearing. Indeed, such a pretrial ruling would have been unnecessary if the parties had been in agreement on the issue.

Having found Vargas and Garcia proved the medical records were business records, section 2033.420 required expenses be awarded unless one of the exceptions had been established. Gallizzi attempts to support the trial court's ruling by contending an award was unwarranted because she had a

---

[6] Authentication of a writing, pursuant to Evidence Code section 1400, requires "introduction of evidence sufficient to sustain a finding that it is the writing that the proponent of the evidence claims it is."

13

reasonable ground to believe she would prevail on the issue. (See § 2033.420, subd. (b)(3).) Even if not forfeited for not having been raised in the trial court (see *Sea & Sage Audubon Society, Inc. v. Planning Com.* (1983) 34 Cal.3d 412, 417 [issues not raised in trial court cannot be raised for the first time on appeal]), the argument lacks merit.[7]

Gallizzi does not actually contend she had a reasonable basis to believe Vargas and Garcia could not prove the medical records were business records. Instead, she argues that, because Vargas and Garcia did not properly subpoena the records and declarations for the first trial resulting in their exclusion, she had a reasonable belief the records would be excluded on the same grounds at the second trial. However, a hope that opposing counsel will make a mistake does not constitute a reasonable basis to believe a party will prevail on the merits of an issue. "To justify denial of a request [for admission], a party must have a '*reasonable* ground' to believe he would prevail on the issue." (*Grace v. Mansourian* (2015) 240 Cal.App.4th 523, 532; accord, *Brooks v. American Broadcasting Co., supra,* 179 Cal.App.3d at p. 511 [denying party must have "a reasonably entertained good faith belief that the party would prevail on the issue at trial"].)

---

[7]    Gallizzi also argues for the first time on appeal—in one paragraph with no citations to the record or legal authority—that the designation of the medical records as business records was not substantially important to the case (see § 2033.420, subd. (b)(2)) because portions of the records were excluded due to hearsay within hearsay and the jury did not find the records "to be meaningful or persuasive." This argument has been forfeited. (See *Sea & Sage Audubon Society, Inc. v. Planning Com.*, *supra,* 34 Cal.3d at p. 417; *Golden Door Properties, LLC v. Superior Court*, *supra,* 53 Cal.App.5th at p. 786.)

The denial "must be grounded in the evidence; it cannot be based merely on 'hope or a roll of the dice.'" (*Orange County Water Dist. v. The Arnold Engineering Co.*, *supra*, 31 Cal.App.5th at p. 116.)

Gallizzi argues she should not be "required to excuse [Vargas and Garcia] of their obligation to lay a proper foundation" for the medical records "merely because they boisterously asserted they would do so on their second bite of the apple." We agree "a defendant 'cannot be forced to admit [a] fact prior to trial despite its obvious truth. [Citation.]' [Citation.] But the failure to do so comes with consequences, exposure to a costs of proof award." (*Grace v. Mansourian, supra*, 240 Cal.App.4th at p. 532.) Gallizzi had no reasonably held good faith belief she could prevail on the merits of the business records issue. Her denial rested solely on the potential for opposing counsel's procedural error. Accordingly, Vargas and Garcia were entitled to recover the reasonable expenses incurred in proving the medical records were business records. (Cf. *Wimberly v. Derby Cycle Corp.* (1997) 56 Cal.App.4th 618, 638 [defendant's reliance on inadmissible testimony and hope plaintiff would not object at trial did not provide a reasonable basis to deny requests for admission].)

> c. *Any error in failing to award expenses based on the timeline of treatment denials was harmless*

As discussed, Vargas and Garcia requested that Gallizzi admit they had received treatment from various healthcare professionals on specific dates and had complained of certain ailments during those visits. Gallizzi denied each request. The court denied Vargas and Garcia's motion for expenses incurred to prove these matters because it found the motion did not establish

15

each of the requested admissions had actually been proved at trial.

Vargas and Garcia contend the proof of each visit was contained in the medical records admitted at trial, which they concede were the same records covered by their business records exception requests. Accordingly, we need not consider whether this denial of expenses was an abuse of discretion because, even if the court had awarded expenses, they would be the same as, or substantially overlap with, the expenses awarded for failure to admit the business records exception.

### d. *The trial court did not abuse its discretion by denying expenses for the denial of requests regarding causation*

We agree with the trial court it was unreasonable of Gallizzi to deny she had caused "some injury" to Garcia. The record contains substantial evidence that at the time of the requests for admission, Gallizzi knew at least some injury had been caused by the accident. This evidence included photographs of the damaged vehicle and records of medical treatment at the scene of the accident. However, as the trial court correctly found, Gallizzi conceded at trial that at least some harm was caused by the accident. During his opening statement Gallizzi's counsel told the jury that Gallizzi conceded Vargas and Garcia were injured by the accident.[8] In addition, Gallizzi's expert testified at trial that Garcia suffered sprains of the neck and back as a result of the accident.

---

[8] Gallizzi's counsel stated: "I believe these ladies were injured. . . . Plaintiff was taken to the hospital by ambulance. She was treated at the hospital with what we believe, we will tell you, was appropriate care. . . . You will never hear me or any witness from my side say that was not reasonable."

16

Garcia argues, notwithstanding Gallizzi's concession, she should be reimbursed for the evidence presented at trial proving her injuries. It is true Garcia presented considerable evidence at trial regarding her injuries. However, this evidence was presented not to show some injury had occurred, but the extent of her injuries. Even if Gallizzi had admitted the requests for admission, Garcia would have needed to present the same evidence to assist the jury in determining a proper damages award. Given Gallizzi's concession, we cannot say Garcia incurred any costs to prove "some injury" occurred.

2. *The Trial Court Did Not Abuse Its Discretion in Awarding Costs to Gallizzi Pursuant to Section 998*

Section 998, subdivision (c)(1), provides: "If an offer made by a defendant is not accepted and the plaintiff fails to obtain a more favorable judgment or award, the plaintiff . . . shall pay the defendant's costs from the time of the offer." In addition, if a plaintiff's recovery is less than the defendant's offer, the court in its discretion "may require the plaintiff to pay a reasonable sum to cover postoffer costs of the services of expert witnesses, . . . actually incurred and reasonably necessary in either, or both, preparation for trial or arbitration, or during trial or arbitration, of the case by the defendant." (§ 998, subd. (c)(1); see *Sviridov v. City of San Diego* (2017) 14 Cal.App.5th 514, 520 ["[s]ection 998 is itself an exception to section 1032's provision that only a prevailing party is entitled to costs. [Citation.] It makes an award of ordinary costs mandatory against a plaintiff who did not accept a statutory offer to compromise and failed to obtain a more

17

favorable judgment. It also gives the court discretion to award reasonable expert witness costs"].)[9]

Section 1033.5 provides that "[a]llowable costs shall be reasonably necessary to the conduct of the litigation rather than merely convenient or beneficial to its preparation . . . [¶] . . . [and] shall be reasonable in amount." (§ 1033.5, subd. (c)(2) & (3).) "If items on a memorandum of costs appear to be proper charges on their face, those items are prima facie evidence that the costs, expenses, and services are proper and necessarily incurred. [Citations.] The burden then shifts to the objecting party to show them to be unnecessary or unreasonable." (*Doe v. Los Angeles County Dept. of Children & Family Services* (2019) 37 Cal.App.5th 675, 693.) The trial court has broad discretion to determine what costs were reasonably necessary to the conduct of the litigation and whether they were reasonable in amount. (*Howard v. American National Fire Ins. Co.* (2010) 187 Cal.App.4th 498, 541.) We review the trial court's determination that costs were reasonable in amount and reasonably necessary to the litigation for an abuse of discretion. (*Berkeley Cement, Inc. v. Regents of University of California* (2019) 30 Cal.App.5th 1133, 1139, 1140.)

Gallizzi's memorandum of costs included $12,000 for expert witness fees that the trial court declined to strike. Vargas and Garcia argue the amount was unreasonable because the expert's designation stated his hourly fee for trial testimony was $6,000

---

[9]     In July 2021 Gallizzi served offers to compromise on Garcia and Vargas for $30,000 and $15,000, respectively. Vargas and Garcia do not contend their recovery was greater than Gallizzi's pretrial offers to compromise, nor do they contend no award of costs was proper.

for up to four hours and he testified for fewer than four hours. However, as the trial court observed, the expert designation stated, "This expert's daily fee for providing trial testimony is $6,000.00 / up to four hours." Because the expert testified over the course of two days, the court found it appropriate that he charged a total of $12,000 for his trial testimony. This award was well within the trial court's discretion.

Finally, Vargas and Garcia argue that approximately $5,000 of the court reporter fees awarded were for nonallowable real-time transcription costs and the reporter's daily rate was not reasonable in amount. During the hearing on the award of costs, the trial court stated it had reviewed the invoices attached to Gallizzi's memorandum of costs and found the real-time transcription fees and the reporter's rates were appropriate and reasonable. Vargas and Garcia have not cited any authority for the proposition that real-time transcription fees are not allowable when deemed appropriate by the trial court. Nor have they given any basis for their argument the reporter's daily rate of $1,390 should have been reduced to $375. The trial court acted within its discretion in allowing recovery of these costs.

## DISPOSITION

The judgment for costs is reversed.  The order awarding costs of $28,547.66 to Gallizzi is affirmed.  The order denying Vargas and Garcia's motion for expenses pursuant to section 2033.420 is reversed.  The case is remanded for the trial court to determine the amount to which Vargas and Garcia are entitled for proving the medical records were business records. The parties are to bear their own costs on appeal.

PERLUSS, P. J.

We concur:

SEGAL, J.

FEUER, J.